## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Ruhi Reimer**,

                Plaintiff,            Case No.: 1:23-cv-00112

v.

**Quotewizard, LLC,**            Complaint and Demand for Jury Trial

                Defendant.

## COMPLAINT

    **Ruhi Reimer** ("Plaintiff"), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Quotewizard, LLC** ("QuoteWizard" or "Defendant"):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Virginia Telephone Privacy Protection Act, Va. Code § 59.1-514 ("VTPPA")

### JURISDICTION AND VENUE

2.    This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.    This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Ohio.

1

4.      A substantial portion of the acts and omissions described herein occurred within this District.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Defendant maintains a principal place of business, head office, or otherwise valid mailing address at 25700 Science Park Drive, Suite 300 Beachwood, Ohio 44122.

7.      Accordingly, personal jurisdiction exists and venue is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

8.      Plaintiff is a natural person who at all times relevant hereto, owned real property in Broadlands, Virginia 20148.

9.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

10.      Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 25700 Science Park Drive, Suite 300 Beachwood, Ohio.

11.      Defendant is "person" as that term is defined by 47 U.S.C. § 153(39).

12.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

13.      At all times relevant hereto, Plaintiff, Ruhi Reimer, owned a cell phone, the number for which was (703) XXX-3122.

14.      Plaintiff registered that cell phone number on the Federal Do Not Call Registry n or around September 20, 2008.

15.     Mr. Reimer registered that cell phone number on the Do Not Call list in order to obtain solitude from invasive and irritating telemarketing calls.

16.     At all times relevant hereto, Plaintiff used that cell phone primarily for residential purposes.

17.     Defendant is an "insurance comparison platform" that, *inter alia*, allows prospective customers to compare insurance rates and connects prospective customers with insurance companies.

18.     Defendant engages in telemarketing in order to solicit business for various insurers.

19.     Reimer did not provide QuoteWizard consent to contact him for any reason.

20.     Beginning around July 2021, Defendant placed a series of solicitation calls and text messages to Reimer in connection with its efforts to sell insurance policies.

21.     Reimer did not consent to receive any communications from QuoteWizard.

22.     In fact, Defendant's communications to Plaintiff were addressed to a third-party, with whom Plaintiff is not familiar.

23.     This demonstrates QuoteWizard does not perform adequate vetting of its "leads" to assure the recipients of its telemarketing messages were truly the consenting parties.

24.     In total, Defendant placed at least 11 communications to Plaintiff without his prior express written consent.

25.     Plaintiff received calls and texts from Defendant on at least the following dates:

| Date/Time: | Caller ID: |
|---|---|
| July 1, 2021 at 12:35 pm (call) | 703-348-5998 |
| July 1, 2021 at 1:06 pm (call) | 703-348-5998 |
| July 1, 2021 at 1:19 pm (text) | 321-334-5590 |
| July 1, 2021 at 1:36 pm (call) | 703-348-5998 |

| July 1, 2021 at 2:07 pm (call) | 703-348-5998 |
|---|---|
| July 1, 2021 at 3:00 pm (text) | 949-303-7143 |
| July 2, 2021 at 5:55 pm (call) | 703-348-5998 |
| July 6, 2021 at 3:40 pm (text) | 304-301-5955 |
| July 7, 2021 at 12:23 pm (text) | 304-301-5955 |
| July 7, 2021 at 5:31 pm (text) | 304-301-5955 |
| July 8, 2021 at 11:30 am (text) | 304-301-5955 |

26.     Upon information and belief, Plaintiff received additional calls/texts to his cell phone from QuoteWizard, not included in the above-list.

27.     Plaintiff spoke with a representative of the calling party who confirmed the calls were from QuoteWizard.

28.     Plaintiff knows the other calls/texts in the list above were made by QuoteWizard (or on QuoteWizard's behalf) because many were made from the same number as those Plaintiff confirmed were QuoteWizard.  Furthermore, certain text messages identified the texting party as being QuoteWizard.

29.     As a result of the foregoing, Plaintiff experienced frustrations, annoyance, irritation and a sense that his privacy has been invaded by Defendant.

### COUNT I
### DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)

30.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

31.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National

Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

32.     Defendant contacted Plaintiff soliciting goods or services despite the fact that Plaintiff's cell phone number was on the Do Not Call Registry.

33.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

### COUNT II
### DEFENDANT VIOLATED THE VIRGINIA TELEPHONE PRIVACY PROTECTION ACT, VA. CODE § 59.1-514(B)

36.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

37.     Va. Code § 59.1-514(B) prohibits telephone solicitors from initiating or causing to be initiated, a telephone solicitation to a telephone number on the National Do Not Call Registry maintained by the federal government pursuant to the Telemarketing Sales Rule, 16 C.F.R. Part 310, and 47 C.F.R. § 64.1200.

38.     By contacting Plaintiff, who is registered on the National Do Not Call Registry, Defendant willfully violated § of the 59.1-514(B) of the VTTPA.

**COUNT III**
**DEFENDANT VIOLATED THE VIRGINIA TELEPHONE PRIVACY PROTECTION ACT, VA. CODE § 59.1-513(A)**

39.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

40.     Va. Code § 59.1-513(A) provides that a "telephone solicitor who makes a telephone solicitation call shall transmit the telephone number, and, when available by the telephone solicitor's carrier, the name of the telephone solicitor."

41.     None of the voice calls made to Plaintiff identified 'QuoteWizard" as the name of the calling party on Plaintiff's caller ID.

42.     Only certain of the text messages sent to Plaintiff identified "QuoteWizard" as the name of the texting party.

43.     As a result of the foregoing, Defendant violated 59.1-513(A) of the VTTPA through each call and text that failed to identify QuoteWizard as the telephone solicitor.

**COUNT IV**
**DEFENDANT VIOLATED THE VIRGINIA TELEPHONE PRIVACY PROTECTION ACT, VA. CODE § 59.1-512**

44.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

45.     Va. Code § 59.1-512  provides that a "telephone solicitor who makes a telephone solicitation call shall identify himself by his first and last names and the name of the person on

whose behalf the telephone solicitation call is being made promptly upon making contact with the called person."

46.     None of the text messages sent by QuoteWizard identified the last name of the telephone solicitor.

47.     As a result of the foregoing, Defendant violated 59.1-512 of the VTTPA through each text that failed to identify the last name of the telephone solicitor.

**Wherefore**, Plaintiff, **Ruhi Reimer,** respectfully prays for judgment as follows:

a.     All actual damages Ruhi Reimer suffered (as provided under 47 U.S.C. §227(c));

b.     Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c));

c.     Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c));

d.     Injunctive relief (as provided under 47 U.S.C. § 227(c);

e.     Statutory damages of $500 for the first violation, $1000 for the second violation and $5000 for subsequent violations as provided by § 59.1-515(A) of the VTPPA;

f.     Damages for willful violation of the VTPPA in the amount of $5,000 for each violation, including the first and second violation, as provided by § 59.1-515(B) of the VTPPA;

g.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to § 59.1-515(D) of the VTPPA; and

h.     Any other relief this Honorable Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

**Please take notice** that Plaintiff, **Ruhi Reimer,** demands a jury trial in this case.

Respectfully submitted,

By: <u>*/s/ Jacob U. Ginsburg*</u>
JACOB U. GINSBURG
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: (267) 468-5374
Facsimile: 877-788-2864
jginsburg@creditlaw.com
teamkimmel@creditlaw.com

Dated: January 20, 2023